*E-FILED - 7/3/08*

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT A. ROJAS, ) | No. C 03-4917 RMW (PR) |
| Petitioner, ) | ORDER GRANTING RESPONDENT'S MOTION TO DISMISS |
| vs. ) | |
| S. GARCIA, Warden ) | |
| Respondent. ) | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his 2000 conviction in state court. The instant case was stayed while petitioner exhausted additional claims in the state courts, and thereafter the court reopened the case and ordered respondent to show cause why the petition should not be granted. Respondent filed a motion to dismiss the petition, petitioner filed an opposition, and respondent filed a reply. Based upon the papers submitted, the court concludes that the petition is untimely and will DISMISS the petition pursuant to 28 U.S.C. §2244(d)(1).

## BACKGROUND

In 2000, a jury in Sonoma County Superior Court found petitioner guilty of assault with intent to commit rape (Cal. Penal Code § 220), assault with force likely to cause great bodily injury (Cal. Pen. Code § 245(a)(1)), and simple kidnaping (Cal. Pen. Code § 207(a)). On March 7, 2000, the trial court sentenced him to a term of nine years in state

prison. The California Court of Appeal affirmed, and the California Supreme Court denied the petition for review on July 10, 2002. Petitioner filed the instant petition on November 4, 2003. Thereafter, the instant petition was stayed while petitioner filed unsuccessful habeas petitions in all three levels of the California courts between January 2004 and June 2005. The instant petition was then reopened and petitioner filed his first amended petition, containing newly exhausted claims, on August 5, 2005.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under AEDPA, prisoners challenging non-capital state convictions or sentences must file petitions for relief within one year from the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. See 28 U.S.C. § 2244(d)(1)(A).[1] Where, as here, the petitioner fails to seek a writ of certiorari from the United States Supreme Court, AEDPA's one-year limitation period begins on the date the ninety-day period defined by Supreme Court Rule 13 expires. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review). The California Supreme Court denied the petition for direct review on July 10, 2002, and thus the judgment became "final" under AEDPA 90 days later, on October 8, 2002. As the instant petition was not filed until November 10, 2003, over one year later, it is, absent tolling, untimely.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "'time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Dictado v.

---

[1] In rare instances, not presented by the instant petition, the limitation period may run from a date later than the date on which the judgment became final. See U.S.C. §§ 2244(d)(1)(B)-(D).

1  Ducharme, 244 F.3d 724, 726 (9th Cir. 2001) (quoting 28 U.S.C. § 2244(d)(2)).  Here,
2  however, the only post-conviction or other collateral challenges to the conviction were
3  filed in state court in 2004 and 2005, after the limitations period had run (and after the
4  instant federal petition had already been filed and stayed).  A state habeas petition filed
5  after AEDPA's statute of limitations ended cannot toll the limitation period.  Ferguson v.
6  Palmateer, 321 F.3d 820, 823 (9th Cir. 2003).  Consequently, there is no basis for
7  statutory tolling in this case.
8       Petitioner does not dispute any of the above analysis.  Instead, he argues that he is
9  entitled to equitable tolling of the limitations period because his trial counsel did not send
10 him his case files until November 2003.  The Supreme Court has "never squarely
11 addressed the question whether equitable tolling is applicable to AEDPA's statute of
12 limitations," Pace v. DiGuglielmo, 544 U.S. 408, 418 n.8 (2005), but Ninth Circuit
13 authority holds that the one-year limitation period may be equitably tolled because §
14 2244(d) is a statute of limitations and not a jurisdictional bar.  Calderon v. United States
15 District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other
16 grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998)
17 (en banc).  Equitable tolling will not be available in most cases because extensions of
18 time should be granted only if "extraordinary circumstances beyond a prisoner's control
19 make it impossible to file a petition on time."  Id. (citation and internal quotation marks
20 omitted).
21      The Ninth Circuit has held that the petitioner bears the burden of showing that this
22 "extraordinary exclusion" should apply to him.  Miranda v. Castro, 292 F.3d 1063, 1065
23 (9th Cir. 2002).  The petitioner must establish two elements in order to be granted
24 equitable tolling: "(1) that he has been pursuing his rights diligently, and (2) that some
25 extraordinary circumstance stood in his way."  Raspberry v. Garcia, 448 F.3d 1150, 1153
26 (9th Cir. 2006) (quoting Pace, 544 U.S. at 419).  The prisoner also must show that "the
27 'extraordinary circumstances' were the cause of his untimeliness."  Spitsyn v. Moore, 345
28 F.3d 796, 799 (9th Cir. 2003) (citations omitted).

Petitioner does not explain or show how the delay in receiving the case files from trial counsel caused a delay in filing the instant federal petition. Where a prisoner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034-35 (9th Cir. 2005). To begin with, petitioner had already prepared and filed the instant petition, on November 3, 2003, before he received the case files. Indeed, the claim petitioner asserted in the petition – that there was insufficient evidence to support his kidnaping conviction -- was in the trial and appellate record: trial counsel made the claim in a new trial motion in the trial court, where it was denied following an evidentiary hearing, and appellate counsel also raised this claim on direct appeal to the California Court of Appeals. (Resp. Ex. 8.) As a result, petitioner could simply use the trial and appellate records, and did not need his files from trial counsel, to set forth the claim raised in the instant federal petition; indeed, petitioner does not allege or assert otherwise..[2] Consequently, trial counsel's delay in sending the case files to petitioner did not cause petitioner's delay in filing the instant federal petition.

With respect to additional claims petitioner wanted to raise herein, there is no allegation that petitioner believed he was required to wait until he received his files from counsel, and found such additional claims, before filing the instant petition. Quite to the contrary, it appears from his actions that he did not have such a belief because he filed the instant petition with only the insufficiency of evidence claim from the record, and then later, after receiving the case files from counsel, petitioner added the new claims via the stay and amendment procedures. To whatever extent the delay in receiving the case files from counsel might have caused a delay in raising the new claims in the amended petition, it did not cause the delay in filing the original petition, which contained a single claim based on the trial and appellate record.

---

[2] Petitioner makes no assertion, nor is there any indication in the record, of a delay in petitioner's receiving the trial and appellate records.

Order Granting Respondent's Motion to Dismiss
G:\PRO-SE\SJ.Rmw\HC.03\Rojas917.mtdtimgrant&jud.wpd   4

1  Moreover, because petitioner has alleged no facts from which it may be inferred
2  that his attorney prevented him from filing a timely federal petition, much less that his
3  attorney lulled him into the belief that the petition had been filed, petitioner's case is
4  distinguishable from Spitsyn, 345 F.3d at 800-01 (equitable tolling appropriate where
5  attorney was retained to file and prepare petition, failed to do so, and then disregarded
6  requests to return case files until well after the date the petition was due).

7  In sum, as there is no evidence or indication that the delay in receiving his case
8  files from trial counsel caused the delay in filing the federal petition, petitioner's
9  argument for equitable tolling fails. Accordingly, the instant petition is barred as
10 untimely under 28 U.S.C. § 2244(d)(1).

## CONCLUSION

12 Respondent's motion to dismiss the petition as untimely is GRANTED. The
13 instant petition is DISMISSED pursuant to 28 U.S.C. § 2244(d)(1). The clerk shall
14 terminate all pending motions and close the file.

15 IT IS SO ORDERED.
16 DATED:  7/1/08

*Ronald M. Whyte*
RONALD M. WHYTE
United States District Judge

Order Granting Respondent's Motion to Dismiss
G:\PRO-SE\SJ.Rmw\HC.03\Rojas917.mtdtimgrant&jud.wpd  5